Gil et al., Demandantes y Apelantes, v. Sucesión Rosso et al., Demandados y Apelados.

Apelación procedente de la Corte de Distrito de Arecibo en causa sobre división, liquidación y rendición de cuentas con entrega de bienes hereditarios.

No. 1183.—Resuelto en julio 31, 1915.

Partición de Herencia—Demanda—Entrega de Bienes Hereditarios.—Cuando la demanda no tiene por objeto que los herederos dividan los bienes poseídos en común sino que se les entreguen bienes hereditarios poseídos por otras personas, no puede sostenerse que se ejercita la acción de partición de la herencia.

Reivindicación—Demanda—Hechos Necesarios en una Acción Sobre Entrega de Bienes.—Reivindicándose bienes es necesario alegar en la demanda cuáles son los que se reclaman y si están poseídos por los demandados, pues sería imposible para el juez dictar sentencia mandando entregarlos sin especificar cuáles son, ya que no podría cumplir la sentencia.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Rafael López Landrón.*

Abogado de los apelados: *Sr. Félix Santoni.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

La demanda que inició este pleito se refiere a hechos ocurridos en el año 1834 y sus alegaciones sustanciales son: que Don Joaquín Gil de Lamadrid falleció en el año 1834 siendo viudo de Doña María Fontanés o Lafontaine y dejando como herederos siete hijos y una fortuna superior a $200,000 consistente en fincas, créditos, muebles, semovientes, dinero y valores, de los cuales así como de los herederos por ser éstos menores de edad, se hizo cargo Don Pedro Rosso Santilario como tutor o curador *ad bona,* quien sólo inventarió y sometió a partición una finca y algunos insignificantes muebles y útiles en forma tal, que sólo se adjudicaron a cada uno de los herederos bienes por un valor aproximado de $2,000, según la escritura de partición de herencia de 1836, fecha de la aprobación de la cuenta particional impartida a reserva de liquidar y partir también cuantos más bienes de la pertenen-

cia del causante aparecieren o fueren denunciados en cualquier tiempo; que la heredera Joaquína Gil de Lamadrid contrajo matrimonio en 1835 con Don Pedro Rosso Santilario aportando a él un caudal indiviso de unos $50,000 confundido con el de sus hermanos e integrado por bienes de diversas clases y sin que el esposo hiciere aportación alguna al matrimonio; que dicho Don Pedro Rosso se hizo cargo en el año 1835 del gobierno y administración del patrimonio hereditario dejado por Don Joaquín Gil de Lamadrid, en estado de indivisión y perteneciendo a sus herederos; que Don Pedro Rosso estuvo dedicado a negocios con su hermano Don Manuel Rosso bajo la razón social de ''Hermanos Rosso'' desde el año 1836 hasta la muerte de Doña Joaquina ocurrida en 1856, utilizando y aplicando como capital los únicos bienes de que disponía, aportados por su esposa, pues Don Manuel no llevó a la sociedad capital alguno; que Don Pedro Rosso confirió a su hermano Manuel, también gestor de la sociedad, poder generalísimo con facultades no sólo para administrar sino también para hipotecar y enajenar los bienes de todas clases que tenía en su poder; que a la muerte de Doña Joaquina no le había entregado a su esposa ni tampoco a los otros herederos los bienes dejados por Don Joaquín Gil de Lamadrid, los que continuaron en su poder y en el de la sociedad Rosso Hermanos hasta que ésta se disolvió en 1889 al ocurrir la muerte de Don Pedro Rosso; que este señor manejó el patrimonio indiviso de su consorte mientras ella vivió y durante la viudez, haciéndolo objeto de enajenaciones y gravámenes; que después de la muerte de Don Pedro Rosso los bienes hereditarios de su esposa y de los hermanos de ésta quedaron en administración en poder de Don Manuel Rosso como consocio que había sido y albacea que era de Don Pedro; que Don Manuel Rosso murió soltero en 1896 quedando esos bienes en poder de sus herederos y legatarios en las mismas condiciones que él los tenía; y que desde entonces los han reclamado privada y familiarmente a miembros de la sucesión de Don Manuel Rosso.

En la demanda se consignan otros hechos referentes a la muerte de personas interesadas en el caudal hereditario en cuestión y a quiénes son sus sucesores; fué establecida por Doña Santos o María de Jesús Gil de Lamadrid y González, nieta de Don Joaquín Gil de Lamadrid y por los hermanos Alfonzo y Rosso, biznietos de dicho señor, contra otros nietos y biznietos que no quisieron asociarse a los demandantes y contra los herederos de Don Manuel Rosso y, sin relacionar los bienes a que la demanda se refiere, pidieron al tribunal que condenase a los demandados a la entrega de las participaciones de herencia que quedó encomendada a la gestión y administración de Don Manuel Rosso, apoderado, consocio, gestor y albacea de Don Pedro Rosso, mediante división, liquidación y rendición de cuentas justificadas, partida por partida, con sus legítimos comprobantes de capital y productos.

Excepcionada la demanda la Corte de Distrito de Arecibo declaró prescrita la acción ejercitada en la demanda como de partición de herencia; que los hechos que se exponen no son suficientes para constituir una causa de acción y que se han acumulado indebidamente distintas acciones y, a solicitud de los demandantes, dictó sentencia declarando sin lugar la demanda con las costas, contra cuyo fallo los perjudicados interpusieron el presente recurso de apelación.

Aunque los apelantes sostienen que la acción que ejercitan es la de partición de herencia, es indudable que los hechos de la demanda no demuestran el ejercicio de tal acción porque el pleito no tiene por objeto que se condene a los demandados a dividir bienes poseídos en común como herederos de Don Joaquín Gil de Lamadrid, sino que se les entreguen bienes dejados por su causante, cuya posesión no tienen, aunque alegan pertenecerles por título de herencia, los que reclaman de los herederos de Don Manuel Rosso porque éste los retenía como apoderado, consocio y albacea de Don Pedro Rosso, quien se incautó de ellos para su gobierno y administración.

Pero reivindicándose bienes que se alega pertenecen a los demandantes, y que algunos han sido objeto de enajenación, no contiene la demanda alegación alguna que haga conocer cuáles son los bienes cuya entrega se pide ni tampoco si los poseen los demandados, alegaciones que son necesarias en una demanda como la presente, pues sería imposible para el juez dictar sentencia mandando entregar bienes sin especificarlos, si es que por el transcurso de tanto tiempo la acción no está prescrita, y sin estar poseídos por los demandados, ya que no podría cumplirse la sentencia.

Por este fundamento debe ser confirmada la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.